IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

JAMES BENJAMIN,

                              Petitioner,

        v.                                          Civil Action No.
                                                    9:05-CV-0902 (LEK/DEP)

JUSTIN TAYLOR,

                              Respondent.

_____

APPEARANCES:                          OF COUNSEL:

FOR PETITIONER:

JAMES BENJAMIN, *Pro Se*
92-A-2312
Gouverneur Correctional Facility
P.O. Box 480
Gouverneur, NY 13642

FOR RESPONDENT:

HON. ANDREW M. CUOMO              BRIDGET ERIN HOLOHAN, ESQ.
Attorney General of the          Assistant Attorney General
State of New York
Office of the Attorney General
The Capitol
Albany, NY 12224

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION

Petitioner James Benjamin, a New York State prison inmate as a result of a 1992 robbery conviction, has commenced this proceeding pursuant to 28 U.S.C. § 2254 seeking this court's habeas intervention on his behalf.  In his petition, Benjamin challenges a determination made by the time allowance committee ("TAC") at the prison facility in which he was housed at the relevant times, withholding six years of good time credit based upon his failure to participate in certain recommended programs. Petitioner maintains that the TAC's ruling is undermined by a disciplinary determination, following a hearing, exonerating him of refusing to participate in the required programming, and additionally was in retaliation for his having engaged in protected activity including, *inter alia*, allegedly having assumed a leadership role in an inmate work stoppage at the turn of the millennium.  The named respondent, petitioner's custodian at the relevant times, has opposed the petition, based both upon Benjamin's alleged failure to present his constitutional claims to the state's highest court before commencing this proceeding, and on the merits.

Because Benjamin failed to take the required steps to complete his application to the New York State Court of Appeals for leave to appeal the

lower state courts' unfavorable determination regarding the TAC

determination at issue, he has not fulfilled his obligation to exhaust state

remedies by fairly presenting his constitutional arguments to the state's

highest court before seeking federal habeas intervention.  Since

petitioner's time to request leave to appeal has expired, and he has

offered no basis to overlook his default, he is procedurally barred from

petitioning this court for relief.

I.      BACKGROUND

        At the times relevant to his claims, petitioner was a prison inmate

entrusted to the custody of the New York State Department of Correctional

Services ("DOCS"), and incarcerated within the Gouverneur Correctional

Facility ("Gouverneur").  Petition (Dkt. No 1) at 2.  Petitioner's incarceration

stems from a 1992 conviction of robbery in the first degree, for which he

was sentenced as a second felony offender to an indeterminate prison

sentence of between six and twelve years in duration.  *See In re Benjamin

v. New York State Dept. of Corr. Servs.*, 19 A.D.3d 832, 832, 796

N.Y.S.2d 747, 747 (3d Dep't 2005).

        In November of 2003, following a hearing held on September 8,

2003 to address the issue, the TAC at Gouverneur issued a written

determination withholding all of petitioner's good time allowance,

effectively resulting in extension of his anticipated release date to coincide

with the expiration of his maximum sentence.[1]  Holohan Aff. (Dkt. No. 17)

Exh. A (Answer to Benjamin's Article 78 Petition, hereinafter cited as

"Respondent's Art. 78 Answer"), Exh. B.  That determination was based

upon petitioner's refusal to participate in recommenced substance abuse

and aggression management treatment programming and his failure to

sign the requisite forms confirming that refusal.  *Id.*; *see also Benjamin*, 19

A.D.3d at 832, 796 N.Y.S.2d at 747.  In its decision, the TAC noted that

petitioner could apply for reconsideration of the good time allowance

deprivation following successful completion of both programs.  *Id.*  The

TAC's determination was upheld on appeal to the facility superintendent

on November 28, 2003, and later on review by the Commissioner on

December 12, 2003.  *Id.*

II.     <u>PROCEDURAL HISTORY</u>

        A.     State Court Proceedings

        After pursuing the matter internally through to review by the DOCS

---

[1]     This resulting circumstance does not necessarily preclude the possibility
of an earlier release for the petitioner.  While Benjamin's maximum release date is
currently set at February 3, 2011, he will be eligible for parole in May of 2008.  *See*
http://nysdocslookup.docs.state.ny.us/GCA00P00/WIQ3/WINQ130.

Commissioner, petitioner commenced a proceeding in Albany County Supreme Court, pursuant to Article 78 of the N.Y. Civil Practice Law and Rules, challenging the TAC's determination and the DOCS decision internally affirming that decision. *See Benjamin*, 19 A.D.3d at 832, 796 N.Y.S.2d at 747. That application was denied by decision issued in or about July of 2004, and the resulting judgment dismissing Benjamin's Article 78 petition was affirmed on appeal to the New York State Supreme Court Appellate Division, Third Judicial Department, by memorandum decision issued on June 16, 2005.[2] *Id.* at 832-33, 796 N.Y.S.2d at 747.

In its decision, *inter alia*, the Third Department noted that good behavior allowance is properly regarded as a privilege and, correspondingly, no New York prison inmate is entitled to insist upon receiving such credit. *Id.* at 833, 796 N.Y.S.2d at 747. The court further noted that the decision of whether to grant a good time allowance is entrusted to the sound discretion of prison officials, whose determinations are not subject to judicial scrutiny provided they are made in accordance with the law. *Id.* The court went on to recognize "that an inmate's failure to participate in recommended therapeutic programs provides a rational

---

[2]     Neither party to this proceeding has provided the court with the initial state court decision denying Benjamin's Article 78 petition.

basis for withholding a good time allowance[.]"  *Id.* at 833, 796 N.Y.S.2d at

748 (citations omitted).

On or about June 20, 2005, petitioner filed a motion seeking leave to

appeal the unfavorable determination of the Third Department to the New

York Court of Appeals.  *See* Answer (Dkt. No. 8) Exh. 1.  In response to

that application petitioner received a letter dated June 24, 2005 from the

court, advising that his motion for leave to appeal was deficient and

requesting that he supplement the application by supplying certain missing

items, including payment of the required fee or proof of exemption from

that requirement.  Holohan Aff. (Dkt. No. 17) Exh. B.  Nothing now before

the court suggests that petitioner has since complied with that directive, or

that the Court of Appeals ever acted on the merits of petitioner's

application.

B.   This Proceeding

Petitioner commenced this proceeding on July 20, 2005.  Dkt. No. 1.

As grounds for the granting of habeas relief, Benjamin's petition appears

to assert the "utterly irrational misapplication of New York State law",

violations of constitutionally protected due process and equal protection,

and retaliation, alleging that the deprivation of good time allowance was

motivated out of retaliatory animus based upon his unpopular prison
activities.  *Id.* at 5.  Benjamin's petition appropriately names Justin Taylor,
the Superintendent at the Gouverneur Correctional Facility, the prison in
which he has been held during the relevant times, as the respondent.

On October 5, 2005, represented by the Office of the New York
State Attorney General, respondent submitted an answer to the petition,
accompanied by a legal memorandum and supporting documents.  Dkt.
No. 8.  In that answer respondent argues that petitioner's claims are
procedurally barred by virtue of his failure to fairly present them to the
state's highest court, the New York Court of Appeals, before filing his
petition with this court, and additionally asserts that in any event his
petition is lacking in merit.  *Id.*  Petitioner has since submitted a letter,
which was docketed on October 12, 2005, in reply to respondent's
answer.  Dkt. No. 9.

On May 18, 2006 I issued an order directing the New York State
Attorney General to supply the court with records relating to the underlying
TAC proceeding and any additional, available information regarding
petitioner's application for leave to appeal to the New York Court of
Appeals.  Dkt. No. 16.  The requested information has since been

7

provided, the court having received an affirmation from Assistant New York State Attorney General Bridget E. Holohan, Esq., with attached documents related to both the TAC proceeding and Benjamin's Article 78 petition to the New York State Supreme Court.  Dkt. No. 17.  That submission prompted the filing by petitioner of a letter dated June 16, 2006, attaching additional copies of materials related to his efforts to appeal the Third Department's unfavorable determination in connection with his Article 78 petition.  Dkt. No. 18.

Benjamin's petition, which is now ripe for determination, has been referred to me for the issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and Northern District of New York Local Rule 72.3(c).  *See also* Fed. R. Civ. P. 72(b).

III.    DISCUSSION

A.    Exhaustion of Remedies

While the record then before the court did little to shed light on the issue, as of the time of commencement of this proceeding it appeared that petitioner had not yet completed the process of pursuing his unsuccessful Article 78 challenge through to the state's highest court, the New York Court of Appeals.  The materials since received from the parties confirm

this fact and reflect that the deficiency has not been cured, but instead persists.  Respondent asserts that this failure precludes Benjamin from seeking habeas relief from this court.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), requires that before a state inmate may petition for habeas review under 28 U.S.C. § 2254, he or she must first exhaust all available state court remedies or, alternatively, demonstrate that "there is an absence of available State corrective process [or that] circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1); *see also Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 808 (2d Cir. 2000) (quoting § 2254); *see also Aparicio v. Artuz,* 269 F.3d 78, 89 (2d Cir. 2001); *Ellman v. Davis,* 42 F.3d 144, 147 (2d Cir.1994), *cert. denied,* 515 U.S. 1118, 115 S. Ct. 2269 (1995).  The exhaustion doctrine recognizes "respect for our dual judicial system and concern for harmonious relations between two adjudicatory institutions."  *Daye v. Attorney Gen. of New York,* 696 F.2d 186, 191 (2d Cir. 1982).  "Comity concerns lie at the core of the exhaustion requirement."  *Galdamez v. Keane*, 394 F.3d 68, 72 (2d Cir. 2005).  Though both federal and state

9

courts are charged with securing a state criminal defendant's federal rights, the state courts must initially be given the opportunity to consider and correct any violations of federal law. *Id.* "The chief purposes of the exhaustion doctrine would be frustrated if the federal habeas court were to rule on a claim whose fundamental legal basis was substantially different from that asserted in state court." *Glover v. Bennett,* No. 98-CV-0607, 1998 WL 278272, at *1 (N.D.N.Y. May 21, 1998) (Pooler, D.J.) (quoting *Daye,* 696 F.2d at 192) (footnote omitted). The petitioner bears the burden of demonstrating that he or she has exhausted available state remedies before petitioning for habeas relief. *United States ex rel. Cuomo v. Fay*, 257 F.2d 438, 442 (2d Cir. 1958); *Geraci v. Sheriff, Schoharie County Jail*, No. 99-CV-405, 2004 WL 437466, at *4 (N.D.N.Y. Feb. 20, 2004) (Sharpe, J.) (citing, *inter alia*, *Cuomo*); *Colon v. Johnson*, 19 F. Supp. 2d 112, 119-20 (S.D.N.Y. 1998) (same).

This exhaustion requirement is satisfied only after the federal claim has been "fairly presented" to the highest court of the state involved. *Fama*, 235 F.3d at 808-09 (citing *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 512 (1971)). Although both federal and state courts are charged with securing a state criminal defendant's federal rights, the state

courts must initially be given the opportunity to consider and rectify any violations of federal law.  *Daye*, 696 F.2d at 191.  A claim has been "fairly presented" if the state courts are apprised of "both the factual and the legal premises of the claim [the petitioner] asserts in federal court."  *Id.* Thus, "the nature or presentation of the claim must have been likely to alert the court to the claim's federal nature."  *Daye*, 696 F.2d at 192; *Ramirez v. Attorney Gen. of New York,* 280 F.3d 87, 94-95 (2d Cir. 2001); *Morales v. Miller,* 41 F. Supp. 2d 364, 374 (E.D.N.Y. 1999).

In this instance, petitioner made attempts to seek leave from the New York State Court of Appeals to appeal the Third Department's unfavorable determination in connection with his Article 78 petition.  Those efforts, however, were unsuccessful owing to Benjamin's apparent failure to comply with that court's requirements regarding the application, and it appears effectively to have been abandoned.

Because petitioner did not exhaust available state remedies by fairly presenting the constitutional claims raised in his habeas petition to the state's highest court before commencing this proceeding, attributable entirely to his failure to respond to a directive from the court that he supply additional, missing materials to support his application for leave to appeal,

he has failed to satisfy the requirement of exhausting available state remedies before eliciting this court's habeas intervention.  And, since such an application must be filed not later than thirty days following service of the adverse Appellate Division decision under challenge upon the would-be appellant, *see* N.Y. Civil Practice Law and Rules § 5513, and a litigant is permitted to file only one request for leave to appeal to the Court of Appeals from an unfavorable decision of the lower applicable court, *see Aparicio*, 269 F.3d at 91, petitioner's claim is therefore "deemed exhausted" for purposes of his habeas application.  *See Spence v. Superintendent, Great Meadow Corr. Facility,* 219 F.3d 162, 170 (2d Cir. 2000); *Seiner v. Greiner,* No. 00-CV-5673, 2002 WL 31102612, at *10 (E.D.N.Y. Sept. 18, 2002).

   B.   Procedural Default

   While the court now considers petitioner's claims as deemed exhausted, they are also procedurally forfeited by virtue of his failure to satisfy the requirements of seeking leave to appeal from the New York State Court of Appeals.  *See Aparicio*, 269 F.3d at 90; *Ramirez,* 280 F.3d at 94.  Accordingly, this court may not engage in habeas review of the claim unless the petitioner demonstrates either 1) both good cause for and

actual prejudice resulting from his procedural default, or 2) that the denial of habeas relief would leave unremedied a fundamental miscarriage of justice.  *Fama*, 235 F.3d at 809; *Garcia v. Lewis*, 188 F.3d 71, 76-77 (2d Cir. 1999); *Levine v. Comm'r of Corr. Servs.*, 44 F.3d 121, 126 (2d Cir. 1995).  Under this second exception, which is both exacting and intended for the "extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent[,]" *Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2639, 2649 (1986); *see also House v. Bell*, 126 S. Ct. 1064, 1076 *2006); *Lebron v. Mann*, 40 F.3d 561, 564 (2d Cir. 1994), "the principles of comity and finality that inform the concepts of cause and prejudice 'must yield to the imperative of correcting a fundamentally unjust incarceration.'"  *Murray*, 477 U.S. at 495, 106 S. Ct. at 2649 (quoting *Engle v. Isaac*, 456 U.S. 107, 135, 102 S. Ct. 1558, 1576 (1982)).

To establish "cause" sufficient to excuse a procedural default, a petitioner must show that some objective external factor impeded his or her ability to comply with the relevant procedural rule.  *Coleman v. Thompson*, 501 U.S. 722, 753, 111 S. Ct. 2546, 2566-67 (1991) (citing *Murray*, 477 U.S. at 488, 106 S. Ct. at 2645); *Restrepo v. Kelly*, 178 F.3d

634, 639 (2d Cir. 1999) (citing, *inter alia*, *Coleman*).  Examples of such external mitigating circumstances can include "interference by officials," ineffective assistance of counsel, or that "the factual or legal basis for a claim was not reasonably available" at trial or on direct appeal.[3]  *Murray*, 477 U.S. at 488, 106 S.Ct. at 2645.

The petitioner has presented the court with no basis for relieving him of the consequences of the procedural bar stemming from his failure to pursue the application for leave to appeal to the New York Court of Appeals.  The petitioner's failure to properly seek that leave appears to be solely the result of his inability or unwillingness to satisfy the unfulfilled requirements drawn to his attention by that court by letter dated June of 2005.  There is no intimation in anything now before the court that petitioner's efforts to satisfy his exhaustion requirement were thwarted by any actions on the part of prison officials.

There is also no indication, from the papers now before the court, that the petitioner was actually innocent of the conduct which gave rise to

---

[3]        It should be noted, however, that "[a]ttorney ignorance or inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must 'bear the risk of attorney error.'" *Coleman*, 501 U.S. at 753, 111 S. Ct. at 2566-67 (quoting *Murray*, 477 U.S. at 488, 106 S.Ct. at 2645).

the disputed good time allowance denial.  To the contrary, the court has been supplied with records from petitioner's counselors convincingly reflecting his refusal to participate in the mandated programs and to sign forms acknowledging that refusal.  *See* Respondent's Article 78 Answer, Exh. C.  I therefore recommend a finding that petitioner's habeas claims are procedurally barred.

IV.    SUMMARY AND RECOMMENDATION

By not supplying this court with proof of pursuit of his claims through the state courts, to completion up to the Court of Appeals, petitioner has failed to sustain his burden of proving that he exhausted state court remedies before seeking this court's habeas intervention, and is now procedurally barred from maintaining his federal claims in this court. Accordingly, and without addressing the merits of these claims, it is hereby[4]

RECOMMENDED that the petition in this matter be DENIED and DISMISSED in all respects.

NOTICE:  pursuant to 28 U.S.C. § 636(b)(1), the parties have ten

---

[4]    The court is skeptical as to whether petitioner could ultimately prevail in his claims, were the matter to go forward.  It is well-established that a prison inmate lacks any constitutional expectation of release prior to his or her maximum sentence date. *See Carmona v. Ward*, 439 U.S. 1091, 1098, 99 S. Ct. 874, 879 (1979); *see also Barna v. Travis*, 239 F.3d 169, 171 (2d Cir. 2001).

(10) days within which to file written objections to the foregoing report-recommendation.  Any objections shall be filed with the clerk of the court. FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is further ORDERED that the Clerk of the Court serve a copy of this report and recommendation upon the parties by regular mail.


Dated:       April 6, 2007
             Syracuse, NY



David E. Peebles
U.S. Magistrate Judge